E-FILED
Friday, 31 July, 2026  11:45:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

EDDIE SARDON,                          )
                                       )
              Petitioner,              )
                                       )
v.                                     )          Case No. 4:26-cv-4042-SLD
                                       )
LATOYA HUGES, Warden,                  )
                                       )
              Respondent.              )

OPINION

Before the Court is Petitioner Eddie Sardon's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (Doc. 1).  For the reasons below, the Court DENIES Petitioner's

§ 2254 Petition (Doc. 1) and DECLINES to issue a certificate of appealability.

I.      BACKGROUND[1]

Petitioner is challenging his Illinois state court conviction for attempted unlawful

possession of a weapon by a felon in Bureau County Circuit Court.  Petitioner was first charged

with unlawful possession of a weapon by a felon (UPWF).  *People v. Sardon,* 2023 IL App (3d)

220177-U at ¶ 7.  Then, at a plea hearing one month later, the State filed an additional charge of

attempted UPWF.  *Id*. ¶ 8.  Petitioner pleaded guilty to the attempted UPWF in exchange for

dismissal of the UPWF and a sentence of 30 months' probation.  *Id.* ¶ 9.  However, a few months

later, Petitioner was charged in a separate case with aggravated battery, obstructing a peace

officer, and two counts of resisting a peace officer.  As a result, Petitioner's probation was

---

[1] Unless otherwise noted, the facts are taken from the undisputed facts in Respondent's Response (Doc. 9), which are consistent with the official records from Petitioner's state court proceedings, which Respondent attached to the response (Docs. 10–12); *see* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."). The factual determinations of the state court are presumed to be correct, unless a petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

revoked and he was sentenced to five years imprisonment on the attempted UPWF conviction. *Id.* ¶ 15.

Petitioner filed a direct appeal raising claims not relevant to this matter.  His sentence and conviction were affirmed by the Illinois Appellate Court.  *Id.* ¶ 31.  The Illinois Supreme Court denied his Petition for Leave to Appeal (PLA) on September 27, 2023.  *People v. Sardon*, No. 129803 (Ill. Sept. 27, 2023).

Petitioner then filed a pro se postconviction petition in the state circuit court.  He argued that the charging instrument: (1) was unconstitutionally deficient for failing to charge an offense or state a cause of action; (2) used an improper prior predicate felony for the charge of unlawful possession of a weapon by a felon; (3) was unconstitutionally vague; and (4) given these alleged deficiencies, the trial court wrongly accepted his plea.  The circuit court dismissed the petition as frivolous and patently without merit.

On appeal, appointed counsel filed a motion for leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  Counsel addressed the claims raised in the pro se postconviction petition, as well as a potential claim that trial and appellate counsel were ineffective for failing to challenge the charging instrument, and concluded all the claims lack merit.  The Illinois Appellate Court agreed and held that Petitioner had waived ay claims relating to the charging instrument and that the claims lacked merit.  Petitioner filed a motion for rehearing, which the appellate court denied.  Petitioner filed a PLA, raising his claim that the charging indictment was deficient.  The Illinois Supreme Court denied the PLA on September 24, 2025.  *People v. Sardon*, No. 131912 (Ill. Sept. 24, 2025).

Petitioner timely filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on February 17, 2026, raising two grounds for relief: (1) the original charging instrument was invalid for failing to state an offense; and (2) he was denied his right to counsel

and due process during postconviction appellate proceedings because the appellate defender

failed to file Petitioner's response to counsel's *Finley* motion and the appellate court ruled

without considering his response.  (Doc. 1 at 5).  Respondent has filed a response in opposition

(Doc. 9), along with a copy of the state court record (Docs. 10–12), and Petitioner has filed a

reply (Doc. 13).  This Order now follows.

II.    DISCUSSION

A.  Petitioner's First Ground for Relief is Procedurally Defaulted.

Federal courts can grant writs of habeas corpus "only on the ground that [a petitioner] is

in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  However, prior to considering the merits of a petitioner's claims, federal courts "must

consider which claims have been procedurally defaulted."  *Id.*  There are two types of procedural

default: First, procedural default occurs "where the state court declines to address a petitioner's

federal claims because the petitioner did not meet state procedural requirements[.]"  *Id.* (quoting

*Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)).  In order for procedural default to apply

in this circumstance, the state court's rejection of a federal claim based on a procedural rule must

be "both independent of the federal question and adequate to support the judgment."  *Clemons v.*

*Pfister*, 845 F.3d 816, 819 (7th Cir. 2017).  Second, "[a] state prisoner can procedurally default a

federal claim if he fails to 'fairly present' it 'throughout at least one complete round of state-

court review, whether on direct appeal of his conviction or in post-conviction proceedings,'"

*Clemons*, 845 F.3d at 819 (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)), and

"it is clear that those courts would now hold the claim procedurally barred," *Perruquet v. Briley,*

390 F.3d 505, 514 (7th Cir. 2004).  Accordingly, "[s]tate prisoners must give the state courts one

full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process," which in Illinois requires the petitioner to "include

his claims in a petition for leave to appeal to the Illinois Supreme Court." *Snow*, 880 F.3d at 864

(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–46 (1999)).

Petitioner did raise his claim that the indictment was defective in his postconviction

petition, but the Illinois Appellate Court found that the claim was procedurally defaulted based

on the independent and adequate state law ground of waiver. (Doc. 11-4 at 4). The court noted

that "by pleading guilty, defendant waived 'all non-jurisdictional errors or irregularities,

including constitutional ones." *Id.* And, because "issues with the charging instrument do not

deprive the court of jurisdiction," the claims were waived. *Id.* The state court's reliance on this

independent and adequate state-law ground bars habeas review. *Coleman v. Thompson*, 501 U.S.

722, 729–30 (1991).[2] Notably, Petitioner's voluntary guilty plea would waive his argument here

as well. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (where a petitioner has pleaded

guilty "he may not thereafter raise independent claims relating to the deprivation of

constitutional rights that occurred prior to the entry of the guilty plea."). The Supreme Court

explained in *Tollett*:

> a guilty plea represents a break in the chain of events which has preceded it in the
> criminal process. When a criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is charged, he may not thereafter
> raise independent claims relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea.

*Id*. Accordingly, the Court finds that Petitioner's claim is procedurally defaulted.

"Procedural default may be excused . . . where the petitioner demonstrates either (1)

'cause for the default and actual prejudice' or (2) 'that failure to consider the claims will result in

---

[2] Respondent also argues that Petitioner's claims are also procedurally defaulted because by relying only on Illinois cases to argue that he was entitled to relief under Illinois law, he failed to raise the federal constitutional basis for his defective indictment claims in his postconviction PLA. (Doc. 9 at 6). However, the Court finds that Petitioner, proceeding pro se in his PLA, did attempt to raise the federal constitutional basis for his claim and did specifically cite to federal constitutional cases to support his claim. *See* doc. 12-2 at 3–4 (citing *Russell v. United States,* 368 U.S. 749 (1962), and *Hamling v. United States*, 418 U.S. 87 (1974).

a fundamental miscarriage of justice.'" *Snow*, 880 F.3d at 864 (quoting *Thomas*, 822 F.3d at 386).  Petitioner argues in his reply that he can establish cause and prejudice for his procedural default, because the state court failed to consider Petitioner's response to his appellate counsel's *Finley* motion.  But, the failure to consider Petitioner's response was not what caused the procedural default.  Rather, the procedural default was caused by the independent and adequate state law basis of waiver due to Petitioner's voluntary guilty plea.  Petitioner does not raise any arguments regarding the voluntariness of his guilty plea.  And, Petitioner does not provide any basis to find that his arguments in his unconsidered response would have altered the Illinois Appellate Court's waiver finding.  Therefore the Court does not find that his procedural default may be excused.

### B.  Petitioner's Second Ground for Relief is Noncognizable in Federal Habeas.

Petitioner's claim that postconviction counsel provided ineffective assistance of counsel is not cognizable in a federal habeas petition.  There is no constitutional right to postconviction counsel, so errors of postconviction counsel that led to the default of "claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman,* 501 U.S. at 757; *see also Crutchfield v. Dennison*, 910 F.3d 968, 971 (7th Cir. 2018) (holding that the exceptions to *Coleman* as announced in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 429 (2013), do not apply to ineffective assistance of counsel claims brought in Illinois).  Moreover, errors in the state collateral review process are not cognizable as independent federal habeas claims either.  *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("errors in state collateral review cannot form the basis for federal habeas corpus relief"); *Jackson v. Duckworth*, 112 F. 3d 878, 879 (7th Cir. 1997) (If an alleged error occurs in a state collateral proceeding, federal habeas corpus cannot serve as a remedy because the error is unrelated to

petitioner's original reason for confinement).  Accordingly, this ground for relief is denied as well.

## III.  CERTIFICATE OF APPEALABILITY

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This will hold true only when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (1995).  Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct.  *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016).  Here, the Court does not find that reasonable jurists could disagree that the Petitioner's claims are procedurally defaulted or noncognizable.  Accordingly, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

Accordingly, the Court DENIES Petitioner Eddie Sardon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and DECLINES to issue a certificate of appealability.  The Clerk is DIRECTED to issue judgment in favor of Respondent and CLOSE the case.

Signed on this 31st day of July 2026.

/s/ Sara Darrow
Sara Darrow
United States District Judge